# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

FERRIS W. WHARTON
  *JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

Submitted: January 11, 2022
Decided: January 18, 2022

Barzilai Axelrod, Esquire
Matthew Hicks, Esquire
Deputy Attorneys General
Carvel State Building
820 N. French St.
Wilmington, DE 19801

John S. Malik, Esquire
100 East 14th St
Wilmington, DE 19801.

**Re:    State v. Sorento Martin
         ID No. 2010006144**

*Upon the State's Motion in Limine to Exclude Evidence of Victim's Toxicology,*
**CONDITIONALLY GRANTED.**

Dear Counsel:

The Defendant, Sorento Martin ("Martin"), is charged with vehicular homicide second degree and overtaking and passing a school bus. The indictment alleges that Martin's criminally negligent operation of a motor vehicle caused the death of Leroy Lynch, III ("Lynch"). The State's theory of criminal negligence is that Martin passed a school bus stopped on the shoulder of southbound Route 9 with its red lights activated and its stop sign extended and struck and killed Lynch who

had crossed in front of the bus and entered into the southbound lanes of traffic. A post-mortem toxicology report listed an unquantified amount of marijuana in Lynch's blood.

Before the Court is the State's Motion *in Limine* seeking to exclude any evidence at trial of those toxicological results. The State argues that the results are irrelevant under DRE 401 and therefore inadmissible under DRE and 402. The State further argues that, even if the results are relevant, they should be excluded under DRE 403. The results do not constitute a defense to the defendant's criminal liability and their admission would be unfairly prejudicial, confuse the issues, mislead the jury, cause undue delay, and waste time.

Martin opposes the motion. He argues that the presence of marijuana in Lynch's blood is relevant to assessing the causation and *mens rea* elements of the vehicular homicide charge. He explains that Lynch's walking into the roadway in darkness without a light could be considered a cause of the collision. Further, it is highly probable that Lynch's ingestion of marijuana impaired his cognition, perception, and ability to react at the time of the accident, making it relevant to the cause of the accident. He further argues that Lynch's decision to walk into the roadway in the dark without a light has a bearing Martin's ability to perceive a risk that his driving would cause a death and Martin's conduct was a gross deviation

from the standard of conduct of a reasonable person. Finally, he disputes that probative value of the toxicology would be substantially outweighed by the danger of unfair prejudice, undue delay, confusion of issues, or wasting time.

Under DRE 401, relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the outcome." DRE 402 make relevant evidence admissible with certain exceptions not relevant here and irrelevant evidence inadmissible. DRE 403 allows a court to exclude relevant evidence if "its probative value is substantially outweighed by the danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The parties have called to Court's attention to several cases where the relevance of the victim's possible intoxication was addressed. In *Lilly v. State* the Delaware Supreme Court held that the trial court did not abuse its discretion when it excluded evidence of the blood alcohol content and cocaine impairment of the victim of a head-on collision occurring in her lane of traffic.[1] At trial, it was not disputed that Lilly crossed the center line and collided head-on with the victim who

---

[1] 649 A.2d 1055, 1060 (Del. 1994).

was travelling in the proper lane of traffic.[2] Under these undisputed facts, the Court held that the proposed evidence of the victim's impairment was not relevant because it was not asserted at trial that her conduct was the cause of the accident.[3]

In *Zdina v. State*, a criminally negligent homicide case, the Delaware Supreme Court also found that the trial court did not abuse its discretion when it refused to allow cross-examination of the State's investigating officer about the victim's blood alcohol level.[4] The trial court had found that all of the testimony at trial indicated that the victim was struck when he was on the shoulder of the highway and that his blood alcohol level was not related to any contested issue of fact.[5]

In *State v. Pardo*, the Superior Court addressed the issue of a victim's impairment in the context of a post-conviction claim of ineffective assistance of counsel.[6] Pardo had been convicted of manslaughter as a result of his operation of his motor vehicle causing the death of a cyclist. In his post-conviction relief motion, he claimed that his trial counsel was ineffective in withdrawing a motion to admit a toxicology report showing that the victim had ingested marijuana.[7] Trial counsel

---

[2] *Id.*
[3] *Id.*
[4] 1997 WL 328593, at *1  (Del. 1997)
[5] *Id.*
[6] 2019 WL 6329067, at *10 (Del. Super. Ct. Nov. 26, 2019).
[7] *Id.*

4

originally had sought to introduce the evidence to show that the victim's conduct had contributed to the collision, but withdrew the motion after determining that there was no meaningful correlation between the amount of marijuana in a person's bloodstream and the person's impairment.[8] For that reason, trial counsel concluded, correctly in the *Pardo* court's view, that the marijuana in the victim's bloodstream was not probative of the cause of the victim's death and therefore irrelevant.[9] Accordingly, the decision to withdraw the motion was professionally reasonable and not ineffective assistance of counsel.[10]

Finally, the parties discuss *Stickel v. State*.[11] Stickel was convicted of two counts of vehicular homicide.[12] On appeal, he claimed that the Superior Court abused its discretion in admitting toxicology reports offered by the State to show that the decedents were not intoxicated at the time of the accident.[13] In *Stickel,* the defense argued that it was the decedents' possible speeding, drag racing and otherwise dangerous operation of their motorcycles that caused the accident in an effort to create doubt that his criminally negligent driving caused their deaths.[14] The

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] 975 A.2d 780 (Del. 2009).
[12] *Id.*
[13] *Id.*
[14] *Id.,* at 783.

Supreme Court held that unlike the situation in Lilly, the decedents' behavior in driving their motorcycles was at issue, and thus, the trial court did not abuse its discretion in admitting evidence that the decedents had not consumed alcohol or drugs.[15]

Here, Martin argues that because Lynch walked into a roadway in front of a bus in darkness without a light with marijuana in his system, his behavior could be considered a cause of the accident. In the Court's view, the resolution of the motion depends on the facts the State is able to establish. The State has laid out a set of facts whereby Martin passed a stopped school bus with its red lights activated and its stop sign extended before striking Lynch in the roadway. Martin does not contest those facts in his response to the motion, nor does he admit them. He merely acknowledges that the State alleges them. If the evidence at trial is uncontested and establishes that Martin indeed did pass a stopped school bus with its red lights activated and its stop sign extended, the Court finds that the presence of marijuana in Lynch's system to be irrelevant. Under those facts, Martin violated the statute prohibiting passing a stopped school bus. Similar to the victims in *Lilly* and *Zdina*, Lynch was where he was legally entitled to be and where Martin was not entitled to intrude. It is Martin's conduct that is the proximate cause of Lynch's death and not

---

[15] *Id.,* at 785.

Lynch's behavior. The statute is intended to protect children from motorists passing stopped school busses. The risk, whether it be to a child or to Lynch is the same and failing to perceive that risk is a gross deviation from the standard of care a reasonable person would exercise under the circumstances.

On the other hand, if there is a genuine issue of fact whether the bus was stopped with its red lights activated and its stop sign extended when Martin passed it, Lynch's behavior, including his possible intoxication would be relevant. Further, under those circumstances, DRE 403 would not bar the admission of Lynch's toxicology results. Because Martin has not argued those contrary facts, however, the motion is **CONDITIONALLTY GRANTED.**

Accordingly, the State's Motion *in Limine* to Exclude Evidence of the Victim's Toxicology is **CONDITIONALLY GRANTED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton
Judge

oc:   Prothonotary

7